FRIEDMAN v. MARINE MFG. & SUPPLY CO.

(Supreme Court, Appellate Division, Second Department.  November 23, 1910.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—DISMISSAL.

In determining the propriety of a dismissal at the close of plaintiff's evidence, plaintiff is entitled to every fair intendment arising from his evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3748, 4024; Dec. Dig. § 927.*]

2. SALES (§ 359*)—CONTRACT—PERFORMANCE—ACTION FOR PRICE—EVIDENCE—SUFFICIENCY.

Where it was not shown that the articles returned by the purchaser, because its customer would not accept them, were not in accordance with the contract of sale, or that it was agreed that the articles sold were subject to the approval of the purchaser's customer, and the seller testified that all the articles contracted for were delivered, it was error to dismiss the complaint, in an action for the price, on the ground of the seller's failure to perform, whether the contract of sale be considered entire or divisible as to the several articles.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1056; Dec. Dig. § 359.*]

Burr, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Benjamin Friedman against the Marine Manufacturing & Supply Company.  From a judgment dismissing the complaint, plaintiff appeals.  Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

David T. Smith, for appellant.

Albert W. Seaman, for respondent.

PER CURIAM.  This action was for goods sold and delivered, to wit, 25 kedge anchors, at the price of 6 cents a pound, aggregating in amount the sum of $54.  The delivery of the goods was admitted.  The defense was that the sale in question was not a completed transaction, but simply part of a contract under which the plaintiff undertook to deliver five lots of anchors of varying sizes, and that he failed to perform the whole contract, which is claimed to be in its nature entire and not divisible.  The plaintiff received from the defendant a written order, as follows:

Please enter our order for the following goods to be shipped to our New York address:

Galv. Kedge Anchors

| | |
|---|---|
| 25 of 35 lbs. each. | 20 of 45 lbs. each. |
| 8 " 50 " " | 15 " 65 " " |
| 5 " 90 " " | |

All as per specifications.
Wanted in two weeks.
All conditions must be complied with.
Deliver no goods without order.       Marine Manfg. & Supply Co.

The complaint was dismissed at the close of the plaintiff's case.  From the judgment of dismissal, the plaintiff appeals.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Under the well-settled law applicable to these circumstances, the plaintiff is entitled to every fair intendment which may arise from his proofs. The plaintiff gave proof that he delivered to the defendant all the goods contracted for, though he sued but for a part. Assuming the contract in question to be entire, and not divisible, he gave evidence of full performance. It appeared that some of the articles were returned to him by the defendant on the claim that their customer, the United States Naval Department, would not accept them. There was no proof, however, that the articles so returned were not in accordance with the specifications. Nor was there any proof that there was any agreement that the articles were to be delivered subject to the approval of the Naval Department. There is nothing in the written order to that effect, and no testimony bearing on it. Therefore, as the case stood, whether the contract was entire or divisible, there was proof of an apparent performance by the plaintiff's assignor. The dismissal of the complaint was error.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event.

BURR, J., dissents.

---

o

